**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **ARNOLD VERNARD PORTER,** | : | **PRISONER HABEAS CORPUS** |
| Petitioner, | : | **28 U.S.C. § 2254** |
| | : | |
| v. | : | |
| | : | |
| **STEVEN PERKINS, Warden,** | : | **CIVIL ACTION NO.** |
| Respondent. | : | **1:14-CV-0867-WSD-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Petitioner, Arnold Vernard Porter, challenges via 28 U.S.C. § 2254 the constitutionality of his 1997 Fulton County convictions for manslaughter, armed robbery, and aggravated assault. The matter is before the Court on the petition, [Doc. 1]; Respondent's answer-response and motion to dismiss the petition as untimely, [Docs. 4, 5]; Petitioner's reply, as amended, to the answer-response, [Doc. 8, 9, 10, 11];[1] and Respondent's additional response and motion to dismiss the petition for lack of exhaustion, [Docs. 15, 16].

---

[1] Petitioner's filings at entries eight and nine are identical and his filings at entries ten and eleven are identical.

I.     **Background**

In 1995, the Fulton County Grand Jury charged Petitioner with murder, felony murder, armed robbery, kidnaping, and four counts of aggravated assault, criminal action number Z69512.  (Resp't Ex. 5/Part 1 at 39-47, ECF No. 7-5.)  Petitioner, represented by Bruce F. Morriss, pleaded guilty to voluntary manslaughter, armed robbery, and three counts of aggravated assault.  (*See id.* at 39.)  On November 27, 1996, the court imposed twenty-year terms on each count, with the sentence for voluntary manslaughter to run consecutively to the remaining sentences, which were to run concurrently with each other.  (*See id.* at 57-58; Resp't Ex. 5/Part 2 at 148, ECF No. 7-6.)[2]

On December 27, 1996, Petitioner filed a *pro se* motion to modify his sentence. (Resp't Ex. 5/Part 4 at 307-10, ECF No. 7-8.)  On December 31, 1996, Petitioner sought appointed counsel for post-sentencing remedies.  (*Id.* at 321.) On January 6, 1997, Morriss signed a petition for compensation in which he stated that his representation was fulfilled by the plea disposition.  (*Id.* at 334-339.)  On January 15, 1997, the Court appointed the public defender to represent Petitioner.  (*Id.*

---

[2]     Petitioner has stated that he did not file a direct appeal. (Resp't Ex. 1 at 1, ECF No. 7-1.)

2

at 340.)  On January 22, 1997, the trial court found that Morriss had completed the services required.  (*Id*. at 334.)

On September 25, 1998, the public defender moved to withdraw on the grounds that a motion to withdraw Petitioner's guilty plea would be untimely, direct appeal would not be proper, an out-of-time appeal was not available, and there was no longer an action pending.  (Resp't Ex. 5/Part 2 at 143-46.)  Petitioner opposed the motion.  (*Id.* at 181-87.)  On September 28, 1998, the trial court granted the motion to withdraw and found that it lacked jurisdiction to entertain a motion to withdraw the plea, that a direct appeal was not the proper avenue to challenge the guilty plea, and that habeas corpus was the appropriate forum for Petitioner to seek relief.  (*Id*. at 149.)

On December 11, 1998, the trial court appointed Lawrence J. Zimmerman to represent Petitioner in his appeal.  (*Id.* at 196.)  On May 26, 1999, Zimmerman was allowed to withdraw.  (*Id.* at 159.)  On July 28, 1999, the trial court informed Petitioner that the court was no longer responsible for appointing counsel.  (*Id*. at 190.)

On December 13, 2000, Petitioner filed, through new counsel Rodney Zell, a motion to correct void sentence and a motion to withdraw his guilty plea, arguing that Petitioner's earlier *pro se* motion to modify his sentence should be construed as a motion to withdraw his guilty plea.  (*Id*. at 119-123; Resp't Ex. 5/Part 1 at 116-18,

3

ECF No. 7-5.) On February 16, 2001, the Court granted Petitioner's motions to remove Zell as counsel and to withdraw the motions filed by Zell. (Resp't Ex. 5/Part 1 at 112.)

On July 7, 2008, Petitioner filed a state habeas corpus petition in the Superior Court of Wheeler County, case number 08CV158, which was transferred to the Superior Court of Coffee County. (Resp't Exs. 1-2, ECF Nos. 7-1 and 7- 2.) Therein, Petitioner stated that Morriss provided ineffective assistance when he refused Petitioner's request to file an appeal. (Resp't Ex. 1 at 27, 56-57.) After the state habeas corpus hearing, the state moved that the record be reopened and the action be dismissed as untimely, but later withdrew its motion on the grounds that the state habeas court had already held a hearing on the merits of Petitioner's state petition.[3] (*See* Resp't Ex. 9 at 2, ECF No. 17-3.) On June 7, 2012, the state habeas court denied Petitioner relief. (Resp't Ex. 3, ECF No. 7-3.) On April 10, 2013, the Georgia Supreme Court denied further review. (Resp't Ex. 4, ECF No. 7-4.)

---

[3] The state had argued (1) that Petitioner's conviction became final on December 27, 1996, when his time to appeal expired; (2) that, under O.C.G.A. § 9-14-42(c)(1) ("[A]ny person whose conviction has become final as of July 1, 2004, regardless of the date of conviction, shall have until . . . July 1, 2008, in the case of a felony to bring an action" for habeas corpus relief), he had until July 1, 2008, in which to file his state habeas petition; and (3) that his state petition was untimely by six days. (Resp't Ex. 7, ECF No. 17-1.)

AO 72A
(Rev.8/82)

**II.     The Federal Petition**

Petitioner filed his federal habeas corpus petition on March 24, 2014.[4] (Pet., ECF No. 1.) In the section that asks Petitioner to list any motions concerning his conviction that he may have filed in any state court, Petitioner listed only his motion to correct void sentence and motion to withdraw guilty plea, filed by Zell, and states they were withdrawn.  (*Id.* at 4.)

Respondent initially argued that the action should be dismissed as untimely. (Resp't Br. at 2-5, ECF No. 5-1.)  Respondent argued that Petitioner's convictions became final on December 27, 1996, that his state habeas petition was filed too late to provide statutory tolling, and that the petition is untimely. (*Id.*)  Petitioner replied to Respondent's answer-response and argued that his state petition should have been considered timely and that his federal petition was filed within a year of the conclusion of his state habeas corpus proceedings. (Pet'r Reply at 1-12, ECF No. 9; Pet'r Am. Reply at 1-8, ECF No. 11.)

---

[4] Generally, a prisoner filing may be deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it. *Day v. Hall*, 528 F.3d 1315, 1318 (11th Cir. 2008) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)).

AO 72A
(Rev.8/82)

Earlier this year, the Court observed that the record at the time – Resp't Exs. 1-6 – was inadequate as to (1) Petitioner's December 27, 1996, *pro se* motion to modify his sentence and (2) the controversy over the timeliness of his state petition and ordered Respondent to submit additional state records. (Order at 3-4, ECF No. 14.)

Respondent submitted additional exhibits relevant to the timeliness of Petitioner's state petition, (Resp't Exs. 7-8, ECF Nos. 17-1 through 17-3) (referred to in the state procedural background above); states that Petitioner's December 27, 1996 *pro se* motion to modify his sentence remains pending;[5] and moves to dismiss the petition for lack of exhaustion. (Resp't Mot. to Dismiss, ECF No. 16.) Petitioner has not timely replied to Respondent's most recent motion. *See* LR 7.1 B., NDGa.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to a habeas corpus action attacking a state conviction. As stated at 28 U.S.C. § 2244:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[5] Respondent simply states that Petitioner's December 27, 1996 *pro se* motion remains pending, without providing any legal argument on its effectiveness and without providing any additional State court record to shed any additional light on the status of the motion.

6

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In addition to the tolling provision in § 2244(d)(2), the one-year statute of limitations is subject to equitable tolling if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1207 (11th Cir. 2014) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (internal

AO 72A
(Rev.8/82)

quotation marks omitted).[6] Actual innocence provides an equitable exception, though rare, to AEDPA's time limitations. *McQuiggin v. Perkins*, _ U.S. _, _, 133 S. Ct. 1924, 1928 (2013) (stating that the petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)) (internal quotation marks omitted)). To show actual innocence, the petitioner must, "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence[,]" demonstrate that "it is more likely than not that no reasonable juror would have convicted him . . . . " *Schlup*, 513 U.S. at 324, 327-28. "AEDPA's time limitations apply to the typical case in which no allegation of actual innocence is made[.]" *McQuiggin*, 133 S. Ct. at 1933.

As a preliminary matter, in deference to the State trial court's implicit disregard of Petitioner's *pro se* motion, the undersigned finds that Petitioner's December 27, 1996 *pro se* motion to modify his sentence was without legal effect under Georgia law. *See Earley v. State*, 310 Ga. App. 110, 112-13, 712 S.E.2d 565, 567 (2011) ("Given that Earley was represented by counsel when he filed his pro se motion, that motion was of

---

[6] It is well settled that it is the petitioner's burden to establish his right to equitable tolling. *Lugo*, 750 F.3d at 1209.

AO 72A
(Rev.8/82)

no legal effect whatsoever."); *Schaefer v. State*, 238 Ga. App. 594, 594, 519 S.E.2d 248, 249 (1999) (holding that counsel continues to represent defendant until released by the court); *Ware v. State*, 267 Ga. 510, 511, 480 S.E.2d 599, 600 (1997) (stating that prisoner is represented until counsel or counsel's office is relieved of responsibility). The Court bases this finding on the following: (1) it was not until *after* December 27 that the trial court found that Morriss had completed his service, (2) the subsequently appointed public defender sought to withdraw on the grounds that there was no justification for filing a post-judgment motion that would be untimely and that there was no action pending (indicating that the public defender regarded the *pro se* motion to be without effect), (3) the trial court agreed with the public defender and stated that habeas corpus was the appropriate forum for Petitioner to seek relief (implicitly concluding that the *pro se* motion was without effect), (4) the trial court did not mention or address Petitioner's *pro se* motion when it allowed counsel Zell to withdraw his motions that pertained to Petitioner's *pro se* motion, and (5) Petitioner was operating under the belief that Morriss continued to represent him after

9

November 27, as shown by his claim in his state habeas petition that Morriss was ineffective for refusing his request to file an appeal.[7]

Accordingly, Petitioner's convictions became final on December 27, 1996, upon expiration of the thirty-day time period for seeking appellate review of his November 27, 1996 convictions. *See* O.C.G.A. § 5-6-38. Under § 2244(d)(1)(A),[8] Petitioner had until December 27, 1997 in which to file a federal habeas corpus petition, which he did not do. Petitioner's 2008 state habeas corpus petition was filed too late to provide statutory tolling. *See Lugo*, 750 F.3d at 1208 ("The filing of Lugo's . . . motion did not operate to toll the limitations period under § 2244(d)(2) because no period remained to be tolled."). Petitioner's 2014 federal petition is untimely by approximately seventeen years. A review of Petitioner's pleadings does not show that he has met his burden of demonstrating that he is entitled to equitable tolling[9] or that the actual innocence exception applies.

---

[7] Additionally, in his federal petition, Petitioner did not list his December 27, 1996 *pro se* motion in the section that required him to list any motions concerning his conviction that he may have filed in any state court.

[8] The record does not support an application of § 2244(d)(1)(B)-(D).

[9] Petitioner should have been aware by at least September 1998 (when the trial court found that it lacked jurisdiction to entertain a motion to withdraw the plea and that habeas corpus was the appropriate forum for Petitioner to seek relief) that his


### III. Certificate of Appealability ("COA")

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The undersigned recommends that a COA should be denied because the decisive procedural issue, untimeliness, is not debatable. If the District Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the

---

*pro se* motion was of no effect and that his conviction was final. Notwithstanding, Petitioner did not file his state petition until approximately ten years later, which does not show reasonable diligence.

11

denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

### IV.   Conclusion

**IT IS RECOMMENDED** that Respondent's motion to dismiss this action as untimely, [Doc. 5], be **GRANTED**, that this action be **DISMISSED**, and that Respondent's motion to dismiss for lack of exhaustion, [Doc. 16], be **DENIED** as moot.  The Court also **RECOMMENDS** that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this  14th  day of November, 2014.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)