IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ARNOLD VERNARD PORTER,

                Petitioner,

v.                                  1:14-cv-0867-WSD

STEVEN PERKINS,

                Respondent.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation ("R&R") [19]. The R&R considers Petitioner Arnold Vernard Porter's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") [1] and Respondent Steven Perkin's ("Respondent") Motion to Dismiss as Untimely [5] ("Motion to Dismiss") and Motion to Dismiss for Lack of Exhaustion [16] ("Exhaustion Motion"). The Magistrate Judge recommended that Respondent's Motion to Dismiss be granted and the Petition be dismissed as untimely. The Magistrate Judge recommended also that a Certificate of Appealability ("COA") not be issued.

I.     BACKGROUND

On November 27, 1996, Petitioner pleaded guilty and was sentenced to: (i) twenty years for voluntary manslaughter, as a lesser included offense of malice murder (Count 1); (ii) twenty years, consecutive to Count 1, for armed robbery (Count 3); and (iii) twenty years, concurrent to Count 3, for aggravated assault (Counts 5, 7, and 8).  (Doc. 7-5, at 57-58; see also Doc. 7-6 at 30).[1]  Petitioner did not appeal his conviction.  (Doc. 7-1 at 1).  On December 27, 1996, Petitioner, proceeding *pro se*, filed a "motion to modify sentence" in the state court.  (Doc. 7-8 at 14-18).[2]  The state court never addressed this motion.[3]

On July 7, 2008, over eleven years after he was convicted, Petitioner filed a habeas corpus petition in the Superior Court of Wheeler County, Georgia, which was denied on June 7, 2012.[4]  (Doc. 7-1 at 1; Doc. 7-3 at 1).  Petitioner filed an

---

[1]    Petitioner was indicted for malice murder (Count 1), for felony murder (Count 2), for armed robbery (Count 3), for kidnapping (Count 4), and for aggravated assault (Counts 5, 6, 7, and 8).  (Doc. 7-5, at 40-47).

[2]    Petitioner states that he filed the "motion to modify sentence" on December 13, 2000.  (See Pet. at 3).  The Court's careful review of the record confirms that Petitioner filed his *pro se* motion to modify his sentence on December 27, 1996. (Doc. 7-5 at 14-18).

[3]    The facts involving the state court proceedings are set out in more detail in the R&R.  The parties have not objected to any facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

[4]    The case, No. 08CV158, was transferred to the Superior Court of Coffee County, Georgia.

application for a certificate of probable cause in the Georgia Supreme Court, which was denied on April 10, 2013. (Doc. 7-4).

On March 15, 2014, Petitioner filed his Petition pursuant to 28 U.S.C. § 2254.[5] On May 5, 2014, Respondent filed an Answer [4], asserting several defenses, including that the Petition was untimely. On the same day, Respondent filed his Motion to Dismiss, arguing that the Petition was not filed within the one-year limitations period set forth in 28 U.S.C. § 2244(d).

On May 20, 2014, Petitioner filed Response [8] to the Motion to Dismiss and his identical Reply [9] to Respondent's Answer. On May 29, 2014, Petitioner filed his "Motion to Amend -- Motion Not to Dismiss Petition As Untimely -- Reply to Respondent's Answer-Response" [10, 11]. In his Response and motion to amend, Petitioner appears to be arguing that his state petition should have been considered timely and that the Petition was timely filed within one year of the conclusion of his state habeas corpus proceedings. On October 16, 2014, Respondent filed the Exhaustion Motion. Petitioner did not file a response to the Exhaustion Motion.

---

[5] The Petition, while docketed on March 25, 2014, is deemed filed on March 15, 2014, the date Petitioner provided his Petition to prison officials for mailing. See Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014); see also Houston v. Lack, 487 U.S. 266, 276 (1988).

On November 14, 2014, the Magistrate Judge issued his R&R, recommending that the Petition be denied as untimely, because the one-year limitations period for Petitioner to file a § 2254 petition expired on December 27, 1997.  (R&R at 10).  Petitioner's time for filing was not tolled because he did not seek state collateral review until July 7, 2008, after his one-year limitations period had expired.  (R&R at 4, 10).  The Magistrate Judge recommended that a COA not be issued.  (R&R at 11-12).  The Magistrate Judge recommended also that Respondent's Exhaustion Motion be denied as moot.  Petitioner did not file any objections to the R&R.

## II.    DISCUSSION

### A.    Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the district judge

must conduct a plain error review of the record. <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983).

    B.    <u>Analysis</u>

        1.    <u>Untimeliness and Statutory Tolling</u>

The Magistrate Judge, after a careful and thorough review of the record, recommended in his R&R that the Court grant Respondent's Motion to Dismiss, dismiss the Petition as untimely, and deny granting a COA. Because Petitioner did not object to the Magistrate Judge's finding that the Petition was untimely and statutory tolling does not apply, the Court reviews these findings for plain error. <u>See</u> <u>Slay</u>, 714 F.2d at 1095.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year statute of limitations to filing a habeas corpus action attacking a state conviction. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

>  (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).  The limitations period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

Here, Petitioner entered a guilty plea on November 27, 1996, and did not pursue an appeal.  The Magistrate Judge found that Petitioner's convictions became "final," for purposes of federal habeas corpus, on December 27, 1996, when the time for filing a notice of appeal expired.  See O.C.G.A. § 5-6-38. Noting that 28 U.S.C. § 2244(d)(1)(A) requires that federal habeas corpus petitions be filed within one (1) year of a conviction becoming "final," the Magistrate Judge concluded that the limitations period for Petitioner to seek federal habeas relief expired on December 27, 1997.  See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008).[6]

---

[6]   The Magistrate Judge noted, and the Court agrees, that Petitioner's December 27, 1996, *pro se* motion to modify his sentence was without legal effect under Georgia law because Petitioner was represented by counsel when he filed his *pro se* motion.  See Earley v. State, 712 S.E.2d 565, 567 (Ga. Ct. App. 2011).  The Magistrate Judge found that the "state trial court's implicit disregard" of

6

Over ten years later, on July 7, 2008, Petitioner filed his state habeas corpus petition.  The Magistrate Judge found that, because the limitations period had already expired, Petitioner's state habeas petition did not affect the statutory tolling calculation.  See Webster v. Moore, 199 F.3d 1256, 1256 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").  On March 15, 2014, approximately sixteen years after the limitations period expired, Petitioner filed his Petition.[7]

A review of the record clearly establishes that the Magistrate Judge correctly calculated the one-year limitations period and correctly determined that statutory tolling did not apply.  The Magistrate Judge also properly determined that the Petition was untimely.  The Court finds no plain error in these findings and conclusions.  See Slay, 714 F.2d at 1095.

---

Petitioner's motion does not affect the finality of his conviction, and the Court finds no plain error in the Magistrate Judge's finding.

[7]   In his Response to the Motion to Dismiss, Petitioner asserts that his state petition should have been considered timely and that his federal Petition was timely filed within one year of the conclusion of his state habeas corpus.  (Response at 11).  The timeliness of Petitioner's state habeas petition is not relevant to the timeliness of his federal Petition, and AEDPA's limitations period does not begin running at the conclusion of a petitioner's state habeas proceeding but rather when a petitioner's conviction becomes final, and is only tolled while a state habeas proceeding is pending.  See 28 U.S.C. § 2244(d)(1)(A), (d)(2).

2.     Equitable Tolling

In addition to statutory tolling, the AEDPA's limitations period is subject to equitable tolling, an "extraordinary remedy" which requires a petitioner to demonstrate both "(1) diligence in his efforts to timely file a habeas petition and (2) extraordinary and unavoidable circumstances."  Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006), modified on other grounds, 459 F.3d 1310 (11th Cir. 2006).  See also Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).  Petitioner bears "the burden of establishing that equitable tolling [is] warranted."  See Pugh, 465 F.3d at 1300-01.  After reviewing Petitioner's pleadings, the Magistrate Judge found that Petitioner did not meet his burden of demonstrating that he is entitled to equitable tolling because 1) Petitioner "should have been aware by at least September 1998 . . . that his *pro se* motion was of no effect and that his conviction was final [on December 27, 1996]," and 2) Petitioner did not show reasonable diligence because Petitioner waited to file his state habeas corpus petition on July 7, 2008, over ten years after the limitations period for Petitioner to seek federal habeas relief expired on December 27, 1997.  (R&R at 10-11).  The Court finds no plain error in these findings and conclusions.  See Slay, 714 F.2d at 1095.

8

### 3. Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). When a district court has denied a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claim, the petitioner must show that (1) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and that (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. at 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

The Magistrate Judge concluded that the decisive procedural issue, untimeliness, was not debatable, and that no COA should be issued. The one-year limitations period expired prior to Petitioner's initiation of state habeas corpus proceedings, rendering statutory tolling inapplicable, and Petitioner has failed to provide any support for the contention that he is entitled to the extraordinary remedy of equitable tolling. The Court finds no plain error in the Magistrate

Judge's determination that a COA should not be issued.  See Slay, 714 F.2d at 1095.[8]

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Alan J. Baverman's Final Report and Recommendation [19] is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus [5] is **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Respondent's Motion to Dismiss Petition for Lack of Exhaustion [16] is **DENIED AS MOOT**.

**SO ORDERED** this 23rd day of December, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[8] Having determined that the Petition is untimely, the Court finds that Respondent's Exhaustion Motion is moot.